EVANS *v.* WELLS, 22 Wend. 324.

Reported 20 Wend. 251.

### Partners ; Sealed Power of Attorney by One for Firm ; Release ; Accord and Satisfaction.

ERROR to Supreme Court. Action below ; assumpsit by Wells and Spring against Evans and partners on promissory note.

The Supreme Court held in this case, that where one of the partners alone executed a sealed power of attorney for the partnership, signing it thus : "Marcus Spring for Wells and Spring," to certain agents, to demand and receive, compromise and discharge all sums of money due to the firm from the endorser of the note in question, and on receipt of such moneys, to execute acquittances and discharges ; that the release by the attorneys, upon a compromise with the endorser, in their names and without naming the principal in the release, was void and not binding on the principal ;

and that parol proof was inadmissible to show an adoption of the act, by the principal receiving the *consideration* of the release, but *seemed* to hold that such evidence was admissible to show payment in whole or in part of the demand of the principal.

They also held that although one partner can not bind his copartner by seal, where the effect of the instrument is to charge the firm, yet it is competent to him by such an instrument under seal, to authorize a third person to discharge a debt due to the firm.

In the Court of Errors, the Chancellor in an opinion delivered by him, says: " The only real question for consideration is, whether the evidence offered was sufficient to establish a technical release of the debt or an accord and satisfaction," and he holds that " as it was not executed by the agents in the names of the plaintiffs, or either of them, or by themselves as agents or attorneys of the plaintiffs, and the latter not even named or alluded to in the instrument, it was void as a release, and could not be made good by a subsequent parol ratification ;" for which latter point he cites Story on Agency, 239, § 242. Also, that as a parol agreement for the release of the debt, without satisfaction or on receiving part only, it was not valid at law, or in equity ; parol evidence to show that such a void release was so intended, was inadmissible ; also, that the evidence was insufficient to show an accord and satisfaction of the debt ; and was for *affirming* the judgment.

But a majority of the court held otherwise, and that though the instrument offered in evidence as a release was not binding upon the principals as such, and could not be set up in bar of a recovery for the original debt ; yet it was further held that it was competent to the debtor for the purpose of establishing an accord and satisfaction, to prove by parol, a *ratification* by the principal of the acts of his agent ; by showing that with full knowledge of the facts, he had reaped the benefit of the compromise by accepting in whole or in part its fruits ; and for that purpose to produce the release as *evidence of the agreement*, and show a compliance on his part with its requirements. Senator Verplanck delivered the opinion of a majority of the court, which was concurred

in by a vote of 13 to 6, and the judgment was accordingly *reversed,* and a *venire de novo* awarded.